UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRI WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO:   1:20-cv-0960- |
| ) | |
| FEDEX GROUND PACKAGE ) | |
| SYSTEM, INC. ) | |
| ) | |
| Defendant.. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Terri Walker, hereinafter "Ms. Walker", by counsel, pursuant to Fed. R. Civ. P. 3, and files her Complaint against Defendant, FedEx Ground Package System, Inc. and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983, and Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana* Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Walker, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Plaintiff is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Plaintiff is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about September 11, 2019, Ms. Walker filed timely charges of Disability Discrimination in violation of the ADA, and Retaliation for asserting his rights under Indiana's Worker's Compensation laws against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-00357.

8. On or about January 7, 2020, Ms. Walker received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-00357, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. Walker in July of 2016.

11. Throughout her employment with Defendant, Ms. Walker met or exceeded Defendant's legitimate expectations of performance.

12. In June of 2019, Ms. Walker sustained an injury to her right shoulder at work.

13. The injury occurred when she lifted a mattress while working on the line.

14. Ms. Walker felt her shoulder pop and experienced extreme pain.

15. Ms. Walker pushed through the pain and completed her shift.

16. The next day, suffering extreme pain, Ms. Walker sought treatment in the emergency room.

17. Ms. Walker was examined and given restrictions limiting the amount of weight she could lift to five pounds.

18. Ms. Walker was also given a doctor's note which gave her time off of work until June 6, 2019.

19. Ms. Walker provided the medical note to her supervisor, Nicole Griffith.

20. Ms. Walker's absences on June 4th and 5th were excused.

21. On June 6, 2019, still experiencing excruciating pain, Ms. Walker went back to the emergency room and was given restrictions.

22. On June 7, 2019, Ms. Walker, was in extreme pain and was unable to come into work.

23. On June 10, 2019, Ms. Walker provided her medical documentation to Sort Manager, Brad Davis, and also requested a leave of absence.

24. She was placed in a cold room for several hours. The low temperature of the room caused the pain in her shoulder to increase and she left as a result of the intense pain.

25. Ms. Walker also provided her medical documentation to Sort Manager, Brad Davis, and requested a leave of absence.

26. Mr. Davis advised her that he would submit the documents to the Human Resources Department, but that she should follow-up with them if she did not hear anything.

27. Having submitted her leave request, Ms. Walker did not return to work.

28. On June 17, 2019, after not hearing anything from Human Resources, Ms. Walker went to discuss her injury and request for time off with them.

29. She was informed that Mr. Davis had not given Human Resources the paperwork she had provided to him

30. Human Resources further explained to her that they were not aware she had sustained an injury.

31. On June 18, 2019, Ms. Walker received a letter from Defendant's Workers' Compensation Company inquiring if she had an attorney and requesting her doctor's contact information.

32. On June 18, 2019, she also received a letter from Defendant's Insurance Company informing her that her health insurance was cancelled and explaining Cobra to her.

33. As this was her first notice of any termination, Ms. Walker contacted Human Resources, who informed her that she was terminated as a result of three (3) no call no shows.

34. Defendant discriminated against Ms. Walker due to her disability.

35. Defendant failed to accommodate Ms. Walker's disability by failing to allow her to seek proper medical treatment when she was injured and then terminating her as a result of absences directly related to her injury.

36. The Defendant failed to communicate with Ms. Walker about her disability and necessary accommodations as required by the ADA.

37. The Defendant retaliated against Ms. Walker due to her workers' compensation claim.

38. The Defendant terminated Ms. Walker in retaliation for her workers' compensation claim.

## COUNT I

### DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Walker for her first claim for relief against Defendant, states as follows:

39. Ms. Walker hereby incorporates by reference paragraphs 1 through 52 as though previously set out herein.

40. At all times relevant to this action, Ms. Walker was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

41. The conduct as described hereinabove constitutes discrimination based on Mr. Walker's disability.

42. The Defendant willfully and intentionally failed to accommodate Ms. Walker's disability.

43. Defendant intentionally and willfully discriminated against Ms. Walker because she is disabled and/or because she has a record of being disabled and/or because Defendant

5

regarded Ms. Walker as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

44. Defendant's actions were intentional, willful and in reckless disregard of Ms. Walker's rights as protected by the ADA and Title VII.

45. Ms. Walker has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

46. Ms. Walker hereby incorporates by reference paragraphs 1 through 44 as though previously set out herein.

47. Ms. Walker suffered a work-related injury during her employment with Defendant.

48. The conduct as described hereinabove constitutes retaliation on the basis of Ms. Walker lawfully seeking statutory workers' compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

49. Defendant intentionally and willfully terminated Ms. Walker's employment in retaliation for Ms. Walker's workers' compensation claim.

50. Defendant intentionally and willfully refused to accommodate Ms. Walker's disability caused by her work injury and failed to allow her to return to her employment in retaliation for her seeking her lawful rights under Indiana's Workers' Compensation laws. Similarly situated individuals who were not seeking workers' compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

51. Defendant's actions were intentional, willful and in reckless disregard of Ms. Walker's rights under Indiana Law.

52. Ms. Walker has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Walker, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Walker her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay for lost future wages;

g. Pay to Ms. Walker all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre and post judgment interest; and

i. Provide to Ms. Walker all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Walker, by counsel, respectfully requests a jury trial for all issues deemed so triable.

          Respectfully submitted:

          /s/ *Tiffany R. Guthrie*
          Tiffany R. Guthrie 35878-49
          Darron S. Stewart #21114-29
          STEWART & STEWART ATTORNEYS
          931 S. Rangeline Rd.
          Carmel IN 46032
          (317) 846-8999
          Fax: (317) 843-1991
          Tiffany@getstewart.com
          Attorneys for Plaintiff, Terri Walker